IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BROWN and VALERIE SALVATORE, | ) ) ) | Civil Action No. 2:23-CV-270 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CITY OF NEW CASTLE, ERIC RITTER, in his official and individual capacity, SEAN ANDERSON, in his official and individual capacity, and NICK MASCIO, in his official and individual capacity, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | Electronically Filed. |

<u>COMPLAINT IN A CIVIL ACTION</u>

COME NOW, the Plaintiffs, RICHARD BROWN and VALERIE SALVATORE, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby file this Complaint in a Civil Action, averring as follows:

<u>JURISDICTION AND VENUE</u>

1.      This is an action for the redress of grievances and in vindication of various civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3).  Supplemental jurisdiction over Plaintiffs' state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4.       Venue is proper as all claims set forth herein arose in the Western District of Pennsylvania and the Plaintiffs are located in the Western District of Pennsylvania.

PARTIES

5.       Plaintiff, Richard Brown ("Brown"), is an adult individual residing in Lawrence County, Pennsylvania.  Plaintiff Brown is the spouse of Plaintiff Valerie Salvatore.

6.       Plaintiff, Valerie Salvatore ("Salvatore"), is an adult individual residing in Lawrence County, Pennsylvania.  Plaintiff Salvatore is the spouse of Plaintiff Richard Brown.

7.       Defendant, City of New Castle ("City"), is a Pennsylvania municipal corporation with administrative offices located at 230 N. Jefferson Street, New Castle, Pennsylvania 16101.  At all times relevant to this complaint, Defendant City acted by and through its officials, including, but not limited to, Defendants Eric Ritter, Sean Anderson and Nick Mascio.

8.       Defendant, Eric Ritter ("Ritter"), is an adult individual.  Plaintiffs believe, and therefore aver, that Defendant Ritter is a resident of Lawrence County, Pennsylvania.  At all times relevant to this complaint, Defendant Ritter was a duly elected council member of Defendant City, purporting to act within the full scope of his authority and office and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of Defendant City.

9.       Defendant, Sean Anderson ("Anderson"), is an adult individual.  Plaintiffs believe, and therefore aver, that Defendant Anderson is a resident of Lawrence County, Pennsylvania.  At all times relevant to this complaint, Defendant Anderson was employed by Defendant City as code enforcement director, purporting to act within the full scope of his authority and office and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of Defendant City.  In his capacity as code enforcement director, Defendant Anderson purported to act as a decision-maker for Defendant City.

10.     Defendant, Nick Mascio ("Mascio"), is an adult individual.  Plaintiffs believe, and therefore aver, that Defendant Mascio is a resident of Lawrence County, Pennsylvania.  At all times relevant to this complaint, Defendant Mascio was employed by Defendant City as a code enforcement officer, purporting to act within the full scope of his authority and office and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of Defendant City.  In his capacity as code enforcement officer, Defendant Mascio purported to act as a decision-maker for Defendant City.

11.     The actions of Defendants Ritter, Anderson and Mascio as described herein are part of an unlawful pattern and course of conduct intended to harm the Plaintiffs.  All of the acts described below were committed by the Defendants with reckless disregard and/or deliberate indifference to the constitutional rights of the Plaintiffs, and they were done under the color and pretense of the law.  As a direct and proximate result thereof, Defendants violated the Plaintiffs' constitutional rights, as described herein.

<u>FACTUAL ALLEGATIONS</u>

12.     Plaintiffs own and reside in a residence located at 712 Cumberland Avenue, New Castle, Pennsylvania 16101.

13.     Defendant Ritter lives near the Plaintiffs, on the corner of Cumberland Avenue and N. Crawford Avenue.

14.     A shooting occurred at the Plaintiffs' property in or about 2017.  The target of that shooting was the Plaintiffs' son.

15.     Since that time, Defendant Ritter has harbored animosity toward the Plaintiffs.  Plaintiffs believe, and therefore aver, that Defendant Ritter's animosity towards the Plaintiffs stems from their familial association with their son.

16.     Defendant Ritter has also claimed, on various occasions since the shooting, that Plaintiffs' property is a source of illegal drug activity.  This claim was, and is, patently false.

17.      Defendant Ritter was elected to Defendant City's council in or about November of 2021.

18.     Sometime thereafter, Plaintiff Brown was issued approximately five (5) citations from Defendant City's Department of Code Enforcement regarding the external condition of the Plaintiffs' property.

19.     The subject of the citations included, but was not limited to, the condition of the property's roof; gutters and siding.

20.     Immediately thereafter, Plaintiff Brown began making repairs to the Plaintiffs' property for the express purpose of addressing the issues identified in the above-described citations.

21.     On or about April 12, 2022, Plaintiff Brown appeared before District Magistrate Judge Melissa A. Amodie ("Amodie") in connection with the above-described citations.

22.     Earlier that day, a representative of Defendant City's Department of Code Enforcement appeared at the Plaintiffs' property to inspect the work, which was still ongoing.  At that time, Defendant City's representative indicated that Plaintiff Brown's progress was satisfactory.

23.     However, Defendant City's Department of Code Enforcement was represented at the hearing by Defendant Mascio, not the representative who inspected the Plaintiffs' property.

24.     During the hearing, Defendant Mascio claimed that Plaintiffs' property was known for illegal drug activity.  This claim was, and is, patently false.

25.     Plaintiffs believe, and therefore aver, that Defendant Ritter was the source of these false claims.

26.     Thereafter, Magistrate Judge Amodie continued the hearing for sixty (60) days, or until on or about June 14, 2022.

4

27.     Magistrate Judge Amodie continued the hearing for the express purpose of granting Plaintiff Brown sufficient time to completely repair the conditions identified in the above-described violations.

28.     Immediately thereafter, Plaintiff Brown, along with his son and other individuals, continued the work on Plaintiffs' property.

29.      Within thirty (30) days of the original hearing, members of law enforcement responded to two (2) separate calls to Plaintiffs' property while the Plaintiffs' son and other individuals continued to work on the property.  These law enforcement officers informed the Plaintiffs' son that they had been told by a "neighbor" that the property was "abandoned," and that "no one was supposed to be there."

30.     These claims were, and are, patently false.

31.     Plaintiffs believe, and therefore aver, that Defendant Ritter was the source of these false claims.

32.     During this same time frame, on or about May 12, 2022, various representatives of Defendant City's Department of Code Enforcement, including Defendant Mascio, appeared at the Plaintiffs' property.  At that time, Defendant Mascio informed Plaintiff Salvatore that the property was "abandoned" and, as a result, it would be "boarded up."

33.     These claims were, and are, patently false.

34.     Plaintiffs believe, and therefore aver, that Defendant Ritter was the source of these false claims.

35.     In response, Plaintiff Salvatore reiterated to Defendant Mascio that the Plaintiffs were granted sixty (60) days to complete the work on their property.

36.     Defendant Mascio was present at the April 12, 2022, hearing and therefore had actual knowledge of Magistrate Judge Amodie's ruling.

37.     Despite this fact, Defendant Mascio told Plaintiff Salvatore that "we have to do something about the house."

38.     On or about May 17, 2022, Plaintiff Brown received a telephone call from Defendant Anderson while Plaintiff Brown was at work.  At that time, Defendant Anderson informed Plaintiff Brown that he and Defendant Mascio were located inside the Plaintiffs' residence; that they had entered the Plaintiffs' residence in their capacities as code enforcement director and code enforcement officer, respectively; that the residence was "trashed" and "abandoned;" and that the residence would be "condemned."

39.     These claims were, and are, patently false.

40.     Plaintiffs believe, and therefore aver, that Defendant Ritter was the source of these false claims.

41.     Furthermore, Defendants Anderson and Mascio did not have Plaintiffs' permission to enter their property and/or residence at any time.

42.     When Plaintiff Brown returned to his residence, trash had been strewn throughout the home.

43.     Plaintiffs believe, and therefore aver, that Defendants Anderson and/or Mascio strewn trash inside the home during their unlawful entry to the property.

44.     On or about June 8, 2022, a Notice of Condemnation appeared on the steps to the Plaintiffs' property.  The Notice of Condemnation was dated May 19, 2022 and ordered the Plaintiffs to vacate their property prior to the sixty (60) days granted by Magistrate Judge Amodie.

45.     Plaintiffs believe, and therefore aver, that the Notice of Condemnation was created and/or posted by Defendants Anderson and/or Mascio.

46.     On or about June 14, 2022, Plaintiff Brown appeared before Magistrate Judge Amodie in connection with the above-described citations.  However, a representative of Defendant City's Department of Code Enforcement failed to appear.

47.     At that time, Magistrate Judge Amodie dismissed the citations pending against Plaintiff Brown.

48.     On or about July 22, 2022, Defendant Anderson informed Plaintiff Brown that Plaintiffs' home was condemned as a result of the trash inside of their home.

49.     Plaintiffs were never cited for any internal condition of their property.  Furthermore, neither Defendant Anderson nor Defendant Mascio had the Plaintiffs' permission to enter their property and/or residence at any time.

50.     Sometime thereafter, Defendant Ritter, along with other members of his family, confronted Plaintiff Brown and threatened to have Plaintiffs' home "torn down."

51.     In or about September of 2022, Plaintiffs' home was boarded up while they were located elsewhere.  Plaintiffs were therefore barred from accessing their own property.

52.     Plaintiffs believe, and therefore aver, that their home was boarded up by, or at the direction of, Defendants Ritter, Anderson and/or Mascio.

53.     On or about January 26, 2023, a Notice of Intended Demolition was posted on Plaintiffs' property by representatives of Defendant City's Department of Code Enforcement.  The Notice of Intended Demolition informed the Plaintiffs' that their home is "unfit for human occupancy" and will be demolished sometime after February 27, 2023.

54.     This claim was, and is, patently false.  Plaintiffs' home is not "unfit for human occupancy."

55.     As described hereinbefore above, Defendants Ritter, Anderson and Mascio acted in a concerted effort to deprive Plaintiffs of their constitutional rights under the First, Fifth and Fourteenth Amendments.

56.     Plaintiffs believe, and therefore aver, that Defendants Ritter, Anderson and Mascio met, agreed, entered into, and actually took steps to complete a conspiracy to deny the Plaintiffs' their constitutional rights under the First, Fifth and Fourteenth Amendments.

57.     Plaintiffs believe, and therefore aver, that Defendants Ritter, Anderson and Mascio intentionally treated the Plaintiffs differently than other, similarly situated individuals who own property within Defendant City in that other, similar properties were not condemned and/or seized.

58.     Plaintiffs believe, and therefore aver, that no rational basis exists for the Defendants' actions.

59.     Plaintiffs further believe, and therefore aver, that Defendants' actions are not supported by any legitimate purpose and are motivated purely by Defendant Ritter's animosity towards the Plaintiffs because their familial association with their son.

COUNT I:

PLAINTIFFS v. DEFENDANTS

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

60.    Plaintiffs incorporate by reference Paragraphs 1 through 59 as though fully set forth at length herein.

61.    Plaintiffs claim damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendants for violations of Plaintiffs' constitutional rights under color of law.

62.    As more fully described hereinbefore above, Defendants Ritter, Anderson and/or Mascio intentionally treated the Plaintiffs differently than other, similarly situated individuals who own property within Defendants City when they condemned and/or seized Plaintiffs' property without just cause or legitimate purpose.

63.    There was, and is, no rational basis for the difference in treatment between the Plaintiffs and other, similarly situated property owners.

64.    The actions of Defendants Ritter, Anderson and/or Mascio were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting those Defendants to punitive damages.

65.    As a direct and proximate result of the Defendants' actions, Plaintiffs suffered the following injuries and damages:

      a.    violation of Plaintiffs' constitutional rights under the Fourteenth Amendment to the Constitution of the United States;

      b.    severe emotional distress;

      c.    economic damages; and

     d.     other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants Ritter, Anderson and/or Mascio; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFFS v. DEFENDANTS

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

PROCEDURAL DUE PROCESS

66.     Plaintiffs incorporate by reference Paragraphs 1 through 65 as though fully set forth at length herein.

67.     Plaintiffs claim damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendants for violations of Plaintiffs' constitutional rights under color of law.

68.     As more fully described hereinbefore above, Defendants Ritter, Anderson and/or Mascio condemned and/or seized Plaintiffs' property without just cause or legitimate purpose.

69.     At all times relevant hereto, Plaintiffs had a constitutionally protected interest in owning and using real property, to wit, their home.

70.     Plaintiffs' property was condemned and/or seized without due process of law.

71.     The actions of Defendants Ritter, Anderson and/or Mascio were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting those Defendants to punitive damages.

72.     As a direct and proximate result of the Defendants' actions, Plaintiffs suffered the following injuries and damages:

      a.      violation of Plaintiffs' constitutional rights under the Fourteenth Amendment to the Constitution of the United States;

      b.      severe emotional distress;

      c.      economic damages; and

      d.      other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants Ritter, Anderson and/or Mascio; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFFS v. DEFENDANTS

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FIFTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

UNLAWFUL TAKING

73.     Plaintiffs incorporate by reference Paragraphs 1 through 72 as though fully set forth a length herein.

74.     Plaintiffs claim damages for the injuries set forth herein under 42 U.S.C. §1983 against

the Defendants for violations of Plaintiffs' constitutional rights under color of law.

75.     As more fully described hereinbefore above, Defendants condemned and/or seized

Plaintiffs' property.

76.     Defendants' taking of Plaintiffs' property was not rationally related to a conceivable

public purpose.

77.     The actions of Defendants Ritter, Anderson and/or Mascio were willful, wanton and/or

done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting those

Defendants to punitive damages.

78.     As a direct and proximate result of the Defendants' actions, Plaintiffs suffered the

following injuries and damages:

      a.     violation of Plaintiffs' constitutional rights under the Fifth Amendment to
the Constitution of the United States;

      b.     severe emotional distress;

      c.     economic damages; and

      d.     other serious injuries and damages which may become apparent throughout
this litigation.

    WHEREFORE, Plaintiffs demand compensatory general damages against the

Defendants, and each of them, in the amount proven at trial; compensatory special damages;

costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as

permitted by law; punitive damages against Defendants Ritter, Anderson and/or Mascio; and

such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFFS v. DEFENDANTS

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

RETALIATION – FAMILIAL ASSOCIATION

79.    Plaintiffs incorporate by reference Paragraphs 1 through 78 as though fully set forth at length herein.

80.    Plaintiffs claim damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendants for violations of Plaintiffs' constitutional rights under color of law.

81.    At all times relevant hereto, Plaintiffs had the right to be free from retaliation based on their familial association.

82.    As more fully described hereinbefore above, Defendants Ritter, Anderson and/or Mascio condemned and/or seized Plaintiffs' property without just cause or legitimate purpose.

83.    Plaintiffs believe, and therefore aver, that the named Defendants engaged in the above-described conduct in retaliation for the Plaintiffs' familial affiliation with their son.

84.    The actions of Defendants Ritter, Anderson and/or Mascio were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting those Defendants to punitive damages.

85.    As a direct and proximate result of the Defendants' actions, Plaintiffs suffered the following injuries and damages:

   a.    violation of Plaintiffs' constitutional rights under the First Amendment to the Constitution of the United States;

   b.    severe emotional distress;

   c.    economic damages; and

d.   other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants Ritter, Anderson and/or Mascio; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFFS v. DEFENDANTS CITY, ANDERSON AND/OR MASCIO

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

UNLAWFUL ENTRY

86.    Plaintiffs incorporate by reference Paragraphs 1 through 85 as though fully set forth at length herein.

87.    Plaintiffs claim damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendants for violations of Plaintiffs' constitutional rights under color of law.

88.    As more fully described hereinbefore above, Defendants Anderson and/or Mascio entered the Plaintiffs' property without the Plaintiffs' consent and without any justification to do so.

89.    The actions of Defendants Anderson and/or Mascio were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting those Defendants to punitive damages.

90.    As a direct and proximate result of the Defendants' actions, Plaintiffs suffered the following injuries and damages:

      a.      violation of Plaintiffs' constitutional rights under the Fourth Amendment to the Constitution of the United States;

      b.      severe emotional distress;

      c.      economic damages; and

      d.      other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants Anderson and/or Mascio; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

## COUNT VI:

## PLAINTIFF v. DEFENDANT CITY

## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983, THE FIRST, FOURTH, FIFTH AND FOURTEENTH AMENDMENTSOF THE UNITED STATES CONSTITUTION

## MUNICIPAL LIABILITY

91.    Plaintiff incorporates by reference Paragraphs 1 through 90 as though fully set forth at length herein.

92.    Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant City for violations of Plaintiff's constitutional rights under color of law.

93.    Defendants Ritter, Anderson and/or Mascio purported to act as decision-makers for Defendant City in their capacities as councilman, code enforcement director and code enforcement officer, respectively.

94.    Defendants Ritter, Anderson and/or Mascio, as officials with decision-making authority, directly participated in and ratified the deprivation of Plaintiffs' constitutional rights, as more fully described hereinbefore above.

95.    By reason of the aforesaid conduct, the Plaintiffs' civil rights as guaranteed by 42 U.S.C. §1983 and under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States were violated by Defendant City.

96.    As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant City, Plaintiff suffered the following injuries and damages:

     a.    violation of Plaintiffs' constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States;

     b.    severe emotional distress;

     c.    economic damages; and

     d.    other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant City in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VII:

PLAINTIFF v. DEFENDANTS RITTER, ANDERSON AND MASCIO

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983

<u>CONSPIRACY</u>

97.     Plaintiffs incorporate by reference Paragraphs 1 through 96 as though fully set forth at length herein.

98.     Plaintiffs believe, and therefore aver, that Defendants Ritter, Anderson and Mascio met, agreed, entered into, and actually took steps to complete a conspiracy to deny the Plaintiffs' their constitutional rights under the First, Fifth and Fourteenth Amendments.

99.     The actions of Defendants Ritter, Anderson and Mascio, as aforementioned, constituted a conspiracy on the part of the individual Defendants to violate the Plaintiffs' constitutional rights under the First, Fifth and Fourteenth Amendments, thereby violating 42 U.S.C. §1983.

100.     The actions of Defendants Anderson and Mascio were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting those Defendants to punitive damages.

101.     As a direct and proximate result of the Defendants' actions, Plaintiffs suffered the following injuries and damages:

      a.     violation of Plaintiffs' constitutional rights under the First, Fifth and Fourteenth Amendment to the Constitution of the United States;

      b.     severe emotional distress;

      c.     economic damages; and

      d.     other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants Ritter, Anderson and/or Mascio; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VIII:

PLAINTIFF v. DEFENDANTS ANDERSON AND MASCIO

VIOLATION OF PLAINTIFF'S PENNSYLVANIA
COMMON LAW RIGHTS

<u>TRESPASS</u>

102.    Plaintiffs incorporate by reference Paragraphs 1 through 101 as though fully set forth at length herein.

103.    As more fully described hereinbefore above, Defendants Anderson and/or Mascio entered the Plaintiffs' property without the Plaintiffs' consent and without any justification to do so.

104.    The actions of Defendants Anderson and/or Mascio were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting those Defendants to punitive damages.

105.    As a direct and proximate result of the Defendants' actions, Plaintiffs suffered the following injuries and damages:

a.    violation of Plaintiffs' Pennsylvania Common Law rights;

b.    severe emotional distress;

c.    economic damages; and

      d.     other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants Anderson and/or Mascio; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

## COUNT IX:

### PLAINTIFF v. DEFENDANTS RITTER, ANDERSON AND MASCIO

### VIOLATION OF PLAINTIFF'S PENNSYLVANIA COMMON LAW RIGHTS

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

106.    Plaintiffs incorporate by reference Paragraphs 1 through 105 as though fully set forth at length herein.

107.    As more fully described hereinbefore above, Defendants Ritter, Anderson and Mascio engaged in outrageous conduct with the intention of inflicting emotional distress upon the Plaintiffs.

108.    The actions of Defendants Ritter, Anderson and Mascio were done with malice and the intent to harm the Plaintiffs.

109.    Defendants Ritter, Anderson and Mascio knew, or should have known, through the use of ordinary caution, that their conduct would result in severe emotional distress on the part of the Plaintiffs.

110.    The actions of Defendants Ritter, Anderson and Mascio were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting those Defendants to punitive damages.

111.    As a direct and proximate result of the Defendants' actions, Plaintiffs suffered the following injuries and damages:

        a.    violation of Plaintiffs' Pennsylvania Common Law rights;

        b.    severe emotional distress;

        c.    economic damages; and

        d.    other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants Ritter, Anderson and/or Mascio; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  February 21, 2023